**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10066 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00832-SI-3 |
| v. | |
| ELLA MAE SIMPSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted May 12, 2014[**]
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Ella Simpson appeals from the sentence imposed after her guilty plea to possession and conspiracy to possess oxycodone with intent to distribute under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. We review the district court's imposition of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 46 (2007), and we affirm.

Simpson argues that her sentence is substantively unreasonable because the Sentencing Guidelines standard establishing the oxycodone sentencing ratio is unreasonable, and she contends that our decision in *United States v. Lee*, 725 F.3d 1159 (9th Cir. 2013), requires that we vacate and remand for resentencing. We reject these arguments.

While a district court may deviate from the Guidelines based on disagreements with the provided ratios, *Kimbrough v. United States*, 552 U.S. 85, 107–09 (2007), it must treat the Guidelines as the "starting point and the initial benchmark," *Gall*, 552 U.S. at 49. Here, the district court adequately took into account Simpson's particular crimes, history, and characteristics in deciding upon a sentence. The district court properly calculated the Guidelines range for a level 32 offense to be 168 to 210 months, and reasonably rejected Simpson's contention that the Guidelines range was adopted without justification by the Sentencing Commission. Even if the oxycodone Guidelines range was excessive, the district

2

court used the range as a starting point from which it then analyzed Simpson's particular situation in light of the factors set forth in 18 U.S.C. § 3553(a), as required by *Kimbrough*. *See United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013). Making this individualized analysis, the district court decided on a sentence of 120 months—48 months below the Guidelines range—and there is no indication that the district court abused its discretion in arriving at this result.

Also, our decision in *Lee* does not require us to vacate and remand for resentencing. In *Lee* both the prosecution and defense agreed that a 96-month sentence would likely "be the equivalent of a life sentence," 725 F.3d at 1169, while here the only indication that Simpson might potentially not survive her sentence is an unsupported assertion by her counsel. The district court was aware of Simpson's health problems, which it gave as the basis for continuing sentencing and allowing Simpson to self-surrender. *See United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009) (concluding that the district court is not required to address each argument when "it is clear from the context that the defense's arguments were heard"). The district court did not abuse its discretion in imposing a 120-month sentence for Simpson's drug offenses.

**AFFIRMED.**